IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURA CHUNG,

                Plaintiff,                              CV-08-1480-ST

        v.                                        FINDINGS AND RECOMMENDATION

STRATEGIC DECISIONS GROUP, a foreign corporation,

                Defendant.

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Laura Chung ("Chung"), filed this action on October 8, 2008, in Multnomah County Circuit Court, *Laura Chung v. Strategic Decisions Group*, Multnomah County Circuit Court No. 0810-14316, alleging claims for gender and marital status discrimination under ORS 659A.030(1)(a) against defendant, Strategic Decisions Group, Inc., ("SDG"). SDG timely removed that action to this court on December 29, 2008, based on diversity jurisdiction under 28 USC § 1332.

1 - FINDINGS AND RECOMMENDATION

SDG has filed a Motion to Dismiss (docket #6), contending that Chung fails to state an employment discrimination claim for which relief can be granted. SDG also has filed a Motion to Strike Declaration of Laura Chung (docket #18) submitted in opposition to its motion to dismiss. For the reasons set forth below, the declaration should be stricken and the Amended Complaint should be dismissed without prejudice and with leave to replead.

## STANDARDS

In evaluating a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of Bus. v. Symington*, 51 F3d 1480, 1484 (9th Cir 1995). A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F3d 940, 946 (9th Cir 2005). Although detailed factual allegations are not necessary,

> a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 US 544, —, 127 S Ct 1955, 1964-65 (2007) (citations omitted).

## FINDINGS

### I.   Motion to Strike

In opposing SDG's motion to dismiss, Chung has submitted her Declaration setting forth facts not alleged in the Amended Complaint. SDG seeks to strike this Declaration because it presents matters outside the pleadings that may not be considered in connection with a motion to

2 - FINDINGS AND RECOMMENDATION

dismiss and because it consists of inadmissible hearsay, irrelevant statements, and conjecture.

When resolving a motion to dismiss under FRCP 12(b)(6), the court is bound to the allegations in the pleadings, rather than to matters outside the scope of the pleadings. *Cooper v. Pickett*, 137 F3d 616, 622-23 (9th Cir 1998). This procedure has two recognized exceptions. First, a party may supplement a pleading with the contents of a document referred to in the complaint. *In re Stac Electronics Sec. Litig.*, 89 F3d 1399, 1405 n4 (9th Cir 1996). Second, under FRE 201, a court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F3d 668, 688-89 (9th Cir 2001) (citations omitted). But even if neither of these exceptions apply, the court should consider facts raised for the first time in opposition papers in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F3d 1023, 1026 n2 (9th Cir 2003) (citations omitted).

Chung's Declaration falls outside the scope of the pleadings and does not fall within either of the two exceptions. Therefore, it must be stricken. Nevertheless, the court may still consider Chung's argument as to the facts that she intends to prove when considering whether she can prove any set of facts under which relief can be granted. In other words, for purposes of this motion, Chung's Declaration can be treated as an offer of proof.

**II.    Motion to Dismiss**

    **A.    Allegations in Amended Complaint**

SDG solicited Chung, the wife of an SDG employee, to interview for a position as an "outside contractor." Amended Complaint, ¶¶ 3, 12. Chung was qualified for the position, and if successful, would have developed business for SDG in Oregon. *Id*, ¶¶ 5, 8.

Chung took two trips to California to interview for the position. *Id*, ¶ 4. During the interview process, she was asked improper questions, including how she was sexually harassed

3 - FINDINGS AND RECOMMENDATION

at a previous job. *Id*, ¶ 7. SDG rejected Chung for the position several weeks later. *Id*. ¶ 9.

Chung alleges that males who applied as potential "outside contractors" were not subjected to the same type of interview. *Id*, ¶ 6. As a result, she alleges that SDG's decision not to hire her was substantially motivated by her sex and marital status. *Id*, ¶ 10.

SDG moves to dismiss the Amended Complaint with prejudice because it alleges that Chung interviewed for a position as an "outside contractor," not as an employee as required by ORS 659A.030. Chung responds that although the position was titled "outside contractor," she can prove that the position was equivalent to that of an employee and, if necessary, seeks leave to replead.

**B.    Analysis**

ORS Chapter 659A prohibits various unlawful practices against employees or persons seeking employment, but not independent contractors. ORS 659A.030(1)(a); *Dutson v. Farmers Ins. Exch.*, 815 F Supp 349, 351 (D Or 1993). Both of Chung's claims for gender and marital status discrimination require her to prove that she was interviewing for an employment position. *Cantuna v. Creager*, 169 Or App 81, 91, 7 P3d 693, 700 (2000), citing *Holien v. Sears Roebuck & Co.*, 298 Or 76, 83-84, 689 P2d 1292, 1295-96 (1984). The question is whether Chung's description of the position as "outside contractor" bars her claim under Oregon's employment discrimination statute.

The title of the position and the contractual language is not dispositive, and the court may look beyond its language to determine the actual relationship. *Buckel v. Nunn*, 131 Or App 121, 127, 883 P2d 878, 881 (1994). The Supreme Court has identified the following factors as relevant to the determination of whether an individual was an "employee" or an "independent contractor" under Title VII:

> In determining whether a hired party is an employee under the general

4 - FINDINGS AND RECOMMENDATION

> common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Cmty. for Creative Non-Violence v. Reid*, 490 US 730, 751-52 (1989).

Oregon's standard for determining whether an individual is an independent contractor or an employee is similarly based on the right to control the manner and means of the work. *Dutson*, 815 F Supp at 352 (D Or 1993); *Buckel*, 131 Or App at 125, 883 P2d at 880. "Four factors are material in determining whether an employer has the right to control an individual: (1) direct evidence of the right to, or the exercise of, control; (2) the method of payment; (3) the furnishing of equipment; and (4) the right to fire." *Oregon Country Fair v. Nat'l Council on Comp. Ins.*, 129 Or App 73, 78, 877 P2d 1207, 1210 (1994) (citations and internal quotation marks omitted).

Although SDG solicited Chung to interview for an "outside contractor" position, that title is not dispositive of the nature of the position. Instead, the determinative question is whether any set of facts "could be proved consistent with the allegations of the complaint" that would entitle Chung to some relief. *Swierkiewicz v. Sorema N.A.*, 534 US 506, 514 (2002).

The Amended Complaint is far from clear whether the "outside contractor" position for which Chung applied is any different than an independent contractor position. In ordinary parlance, an outside contractor is normally considered to be an independent contractor. However, Chung argues that she can prove that she applied for a position as an employee. In particular, she relies on her ability to prove that SDG treated outside consultants the same as its

5 - FINDINGS AND RECOMMENDATION

employees. She intends to prove that her husband, a full-time employee of SDG, had the title of "Consultant," and that before moving to Oregon, he was asked to assume the status of an outside consultant for tax purposes with no other change in his treatment by SDG. She also intends to prove that it is common in the industry for consulting firms such as SDG to treat their outside consultants the same as regular employees and to list them as staff in their marketing materials. She adds that she was subjected to a full slate of analytical and interpersonal interviews which was akin to an interview process for an employee, and that she was asked about her prior sexual harassment complaint which implied that she would have a job protected from discrimination. Further, a key SDG management employee expressed interest in using her as an expert for wind generation sales for which SDG had no inside expertise at that time. As a result, she expected that SDG would exercise the same degree of control over her work activities that it exercised over her husband.

Chung also enjoys the benefit of the presumption under ORS 657.0404(1) that "[s]ervices performed by an individual for remuneration are deemed to be employment . . . unless and until it is shown . . . that the individual is an independent contractor."

As SDG correctly points out, Chung's Declaration consists of inadmissible evidence. If Chung was the only source of evidence, an amendment would be futile. Despite the deficiencies of Chung's Declaration, it is clear that she has other admissible sources of evidence, such as her husband and SDG employees and documents. Assuming that Chung is able to present admissible evidence, then she may be able to prove a set of facts sufficient to state a claim based on her application for a position as an employee, rather than as an independent contractor.

## RECOMMENDATIONS

1. SDG's Motion to Strike Declaration of Laura Chung (docket #18) should be

6 - FINDINGS AND RECOMMENDATION

GRANTED; and

2. SDG's Motion to Dismiss (docket #6) should be GRANTED without prejudice, and Chung should be allowed leave to amend to allege that she applied for a position as an employee, as opposed to an independent contractor.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due April 20, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 3rd day of April, 2009.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION