IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LAURA CHUNG,

                Plaintiff,                              CV-08-1480-ST

       v.                                            FINDINGS AND
                                                                    RECOMMENDATION

STRATEGIC DECISIONS GROUP, a California
corporation,

                Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Laura Chung, filed this action against defendant, Strategic Decisions Group, Inc., alleging claims for gender and marital status discrimination under ORS 659A.030(1)(a). Defendant filed a motion for summary judgment on the basis that plaintiff's claim was barred by the one-year statute of limitations under ORS 659A.875(1). The court granted that motion and entered judgment in defendant's favor on January 4, 2010 (docket # 57).

1 - FINDINGS AND RECOMMENDATION

As the prevailing party, defendant has filed a Bill of Costs for $4,055.91 (docket # 59). No objection has been filed by plaintiff. For the reasons set forth below, costs should be awarded to defendant in the reduced sum of $3,325.40.

## **FINDINGS**

This court has the discretion to award costs to a prevailing party pursuant to FRCP 54(d). However, this rule is not read "as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 US 227, 235 (1964). The expenses which may be taxed as costs are enumerated in 28 USC § 1920 as follows:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of the title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

With regard to costs not specifically allowable by statute, district courts have only limited discretion which should be exercised sparingly. *Guinasso v. Pac. First Fed'l Sav. & Loan Ass'n*, 100 FRD 264, 265 (D Or 1983).

Although plaintiff has not filed any objection to defendant's Bill of Costs, some of the requested charges clearly are not taxable under 28 USC § 1920.

First, defendant seeks $84.76 for "Legal Messenger (Delivery Charges)." The invoices attached as Exhibit A show that defendant paid for five delivery charges. However, defendant

fails to explain why any of these charges were incurred. Moreover, fees related to either messenger services or courier services "are not mentioned in § 1920 and are routinely excluded as taxable costs." *Frederick v. City of Portland*, 162 FRD 139, 146 (D Or 1995), *aff'd*, 98 F3d 1345 (9th Cir 1996).

Second, defendant seeks $705.00 for "Process Service Fees." Fees paid to private process servers are recoverable the same as marshal's fees under 28 USC § 1920(1). *See Alflex Corp. v. Underwriters Labs., Inc.*, 914 F2d 175, 178 (9th Cir 1990) (*per curiam*), *cert denied*, 502 US 812 (1991). Marshal's fees are governed by 28 USC § 1921 which allows fees for serving a subpoena or summons. The invoices attached as Exhibit B include two invoices totaling $185.00 from a private process server to serve Eric Chung, plaintiff's husband, with a subpoena to testify at his deposition or to produce documents. Since the summary judgment pleadings refer to Eric Chung's deposition, these process server fees to obtain that testimony are recoverable. However, Exhibit B also lists fees to serve ZS Associates, Inc. ($130.00), The Brattle Group, Inc., ($130.00), The Nova Group ($165.00), and Cargill, Inc. ($95.00), each with a subpoena, letter, and check. Although defendant fails to explain why these entities were served with subpoenas, this court presumes that the subpoenas requested the production of documents. However, to the court's knowledge, none of these subpoenaed documents was utilized in any way in connection with the summary judgment motion. Thus, these process service fees are not recoverable.

Third, defendant requests $120.00 for "Witness Fees & Mileage." According to the invoices attached as Exhibit D, this sum includes witness fees to subpoena The Brattle Group ($40.00), The Nova Group ($40.00), and ZS Associates ($40.00). Since these witnesses were

not subpoenaed in connection with the summary judgment motion, these fees are not recoverable.

Fourth, defendant seeks docket fees under 28 USC § 1923 of both $20.00 as the fee recoverable "on trial or final hearing . . . in civil, criminal or admiralty cases" and $5.00 as the fee recoverable "on motion for judgment and other proceedings on recognizances." This statute allows for taxation of nominal "[a]ttorney's and proctor's docket fees" regardless of the actual costs incurred. *See U.S. v. Orenic*, 110 FRD 584, 588 (WD Va 1986) (allowing $20 docket fee for entry of a consent judgment). Here the court held no trial, but did hold a hearing on defendant's motion for summary judgment. Since that hearing turned out to be the final hearing in this case, $20.00 appears to be taxable under 28 USC § 1923. However, this court can conceive of no rational reason why defendant also should recover a second docket fee of $5.00. Otherwise, a prevailing party on a motion for summary judgment would recover a total of $25.00, more than a party prevailing at trial may recover under this statute.

## RECOMMENDATION

For the reasons set forth above, defendant's Bill of Costs (docket #59) should be allowed the sum of $3,326.15 as taxable costs, calculated as follows:

| | |
|---|---:|
| Filing Fee | $ 350.00 |
| Process Server Fees (Eric Chung only) | 185.00 |
| Deposition Expenses | 2,657.24 |
| Copying Charges | 113.16[1] |
| Prevailing Docket Fee | 20.00 |
| TOTAL | $3,325.40 |

///

---

[1] Although defendant requests copying charges of $113.91, that amount represents an error in addition. *See* Exs. E1 & E2.

///

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 1, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 15th day of March, 2010.

s/ Janice M. Stewart_____  
Janice M. Stewart  
United States Magistrate Judge
